Citation Nr: 1205183 
Decision Date: 02/10/12 Archive Date: 02/23/12

DOCKET NO. 10-03 719 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to an effective date earlier than May 21, 2009, for the 50 percent evaluation assigned for service-connected depressive disorder. 

2. Entitlement to an effective date earlier than January 7, 2009, for the assignment of an increased evaluation for service-connected depressive disorder. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. H. Nilon, Counsel





INTRODUCTION

The Veteran served on active duty from September 2004 to May 2006.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee that increased the evaluation for the service-connected depressive disorder from 10 percent to 30 percent, effective from January 7, 2009, and to 50 percent effective from May 21, 2009. 

Virtual VA records show that in an August 2011 rating action, the Veteran's psychiatric disability evaluation was increased to 70 percent, effective from April 2011. This aspect of the VA's evaluation of the Veteran's disability is not on appeal. 

It is observed that the January 2012 Written Brief Presentation by the Veteran's representative addressed "Timeliness of formal appeal." Since that question has not been developed on appeal, it will not be addressed in this decision, but referred to the RO for appropriate action. 

This document from the Veteran's representative also raised a claim for entitlement to a total disability rating based on individual unemployabiltiy due to service connected disability. That issue also is referred to the RO. 

The issue of entitlement to an effective date earlier than January 7, 2009, for an increased rating for psychiatric disability is addressed in the REMAND portion of the decision below and is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.




FINDINGS OF FACT

1. Service connection for adjustment disorder was granted in a rating decision in October 2007 that assigned a 10 percent initial rating effective from May 23, 2006; the Veteran did not appeal the initial rating or effective date assigned and has not asserted that the rating decision was clearly and unmistakably erroneous.

2. An informal claim for an increased rating for psychiatric disability was received January 7, 2009. 

3. Psychiatric symptoms productive of reduced reliability and productivity were manifested in January 2009. 


CONCLUSION OF LAW

The criteria for a 50 percent evaluation for the service-connected depressive disorder were met on January 7, 2009. 38 U.S.C.A. § 5110 (West 2002 & Supp. 2011); 38 C.F.R. § 3.400 (2011). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

Before addressing the merits of the Veteran's claims on appeal, the Board is required to ensure that the VA's "duty to notify" and "duty to assist" obligations have been satisfied. See 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 
2011); 38 C.F.R. § 3.159 (2011). 

The VA is required to assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. The VA is required to notify a claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, the VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, the VA will attempt to obtain on behalf of the claimant. 

In addition, the United States Court of Appeals for Veterans Claims (Court) has held that the plain language of 38 U.S.C.A. § 5103(a) requires that notice to a claimant be provided "at the time" of, or "immediately after," the VA's receipt of a complete or substantially complete application for VA-administered benefits. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004).

Although full VCAA notice was not provided to the Veteran until after the initial adjudication of this claim, the Board finds there is no prejudice to the Veteran in proceeding with the issuance of a final decision. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993). In this regard, the Board notes that following the provision of the required notice and the completion of all indicated development of the record, the originating agency readjudicated the Veteran's claim based on all evidence of record. There is no indication in the record or reason to believe that any ultimate decision of the originating agency would have been different had complete VCAA notice been provided at an earlier time. See Overton v. Nicholson, 20 Vet. App. 427, 437 (2006) (a timing error may be cured by a new VCAA notification followed by a readjudication of the claim). 

The record also reflects that the Veteran's VA medical records and Social Security Administration disability file have been obtained. VA examination is not warranted because the Veteran's current level of disability is not an issue on appeal. The Veteran has not identified any other medical records or evidence pertinent to his claims, and the Board is similarly unaware of any outstanding pertinent evidence. Therefore, the Board is satisfied that the VA has complied with the duty to assist requirements discussed above.

The Board will accordingly proceed with adjudication of the appeal.


Legal Principles

The pertinent legal authority provides that an effective date for increased disability compensation will be the earliest date as of which it is factually ascertainable that an increase in disability had occurred, if a claim is received by VA within one year after that date; otherwise, the effective date will be the date of receipt of the claim or the date the entitlement arose, whichever is later. See 38 U.S.C.A. § 5110(b) (West 2002 & Supp. 2011); 38 C.F.R. § 3.400(o)(2) (2011). See also Swanson v. West, 12 Vet. App. 442 (1999); Hazan v. Gober, 10 Vet. App. 511 (1997). 

However, if the claim is filed within one year of the date that evidence shows an increase in the disability rating has occurred, the earliest date of which an increase is factually ascertainable will be used, not necessarily the date of receipt of the evidence. 38 C.F.R. §§ 3.400(o)(1) and (2); Harper v. Brown, 10 Vet. App. 125, 126-27 (1997). 

Records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-467 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Further, a VA outpatient treatment records which relate to treatment of a disability for which service-connection has previously been established may be considered an informal claim for increase. 38 C.F.R. § 3.157(b). 

Once a decision that establishes an effective date becomes final, the only way that such a decision can be revised is if it contains clear and unmistakable error (CUE); any other result would vitiate the rule of finality. Rudd v. Nicholson, 20 Vet. App. 296 (2006). When such a freestanding claim is raised, such an appeal should be dismissed. Rudd at 299-300. 




Analysis

The Veteran essentially contends that because his original claim for service connection was submitted in 2006 his increased rating should be retroactive to that date. In support, he has submitted a Social Security Administration (SSA) decision awarding him SSA disability compensation effective from October 2006.

Review of the file shows the Veteran's original claim for service compensation was received by the RO in August 2006. In it, the Veteran specifically claimed service connection for posttraumatic stress disorder (PTSD)/adjustment disorder, hypertension, migraine, sleep apnea, lower back injury and left knee injury.

The RO issued a rating decision in October 2007 that granted service connection for adjustment disorder and assigned an initial rating of 10 percent effective from December 19, 2006. The rating decision also granted service connection for hypertension and migraine headaches and denied service connection for PTSD, sleep apnea, low back pain and left knee injury.

In April 2008 the Veteran submitted a Notice of Disagreement (NOD) asserting difficulty sleeping due to flashbacks and very bad back pains and migraines. In May 2008 the RO sent the Veteran a letter informing him that his NOD had been construed as disagreement with the denial of service connection for low back pain and with the initial rating for migraine headaches. 

In August 2008 the Veteran called the RO to clarify that he was also appealing the denial of service connection for PTSD, and in January 2009 the RO sent the Veteran a letter acknowledging his NOD in regard to that issue. 

The Board notes at this point that nothing in the correspondence above leads to a conclusion that the Veteran submitted a timely NOD regarding the initial rating or effective date assigned for adjustment disorder; that decision is accordingly final. 38 C.F.R. § 20.302. The Veteran has not argued, and the evidence of record does not show, that the final October 2007 rating decision was clearly and unmistakably erroneous in regard to the rating assigned therein based on the evidence of record at the time.

In sum, the October 2007 rating decision is final. As indicated in the Introduction, in June 2009, the Veteran's psychiatric disability evaluation was increased to 30 percent effective in January 2009, and to 50 percent effective in May 2009. The question before the Board is the propriety of those effective dates. As explained below, the Board concludes the effective date for the 50 percent rating should extend back to January 2009. This conclusion essentially subsumes any analysis necessary for an effective date of a 30 percent evaluation at this time. 

The record shows that after the Veteran filed his original claim for benefits in 2006, he was convicted of a drug related crime, and incarcerated. He evidently was released from prison in July 2008, and presented himself to a VA medical facility for psychiatric treatment in January 2009, and was examined for VA purposes in May 2009. The RO awarded the Veteran an increased 50 percent disability rating for his psychiatric illness effective from the May 2009 examination, based on the contents of that report. As it happens, many of those findings are also revealed in the records of the Veteran's treatment beginning in January 2009, (specifically beginning January 7th), which showed the Veteran's complaints to include insomnia, depression, anger, stress, and memory problems. Since VA treatment records showing an increase in severity of a service connected disability may be construed as an informal claim for benefits, the effective date for the award of increase in this case may be made from the date of those records. Accordingly, an increased 50 percent evaluation for the Veteran's service connected psychiatric disability is effective from January 7, 2009. 


ORDER

Entitlement to an earlier effective of January 7, 2009, for the increased 50 percent evaluation for the service-connected depressive disorder is granted. 


REMAND

Having construed the January 2009 treatment record as an informal claim, it is necessary to look to any records of treatment dated within one year prior to that to ascertain whether an increase was warranted within that one year period, as permitted by 38 C.F.R. § 3.400(o)(2). The evidence in the claims file suggests the Veteran received psychiatric care while incarcerated, which period included the one year prior to January 2009. Attempts to obtain those records should be made. 

Accordingly, the case is remanded for the following:

1. With appropriate assistance from the Veteran, attempts should be made to obtain any records of the Veteran's psychiatric treatment while incarcerated at the Shelby County Corrections Center. 

2. Thereafter, the evidence of record should be reviewed, and a determination entered as to whether an effective date for any increased rating for the Veteran's psychiatric disability prior to January 7, 2009 is warranted. If the decision is adverse to the Veteran, he and his representative should be provided a supplemental statement of the case and given an opportunity to respond before the case is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).





____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals







Department of Veterans Affairs