**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 04-0451

PAUL J. PRATT, APPELLANT

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE

On Appeal from the Board of Veterans' Appeals

(Decided      August 11, 2006  )

*Clark Evans*, of North Little Rock, Arkansas, was on the brief for the appellant.

*Nisha C. Wagle,* with whom *Tim S. McClain,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Joan E. Moriarty*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, LANCE, and DAVIS, *Judges.*

MOORMAN, *Judge*:  The appellant, Paul J. Pratt, appeals a November 24, 2003, Board of Veterans' Appeals (Board) decision that denied his claims for monetary benefits for spina bifida. Record (R.) at 1-4.  Both parties have filed briefs.  The Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a) to review the November 24, 2003, Board decision.  For the reasons set forth below, the Court will affirm the November 24, 2003, Board decision.

**I.  FACTS**

Paul J. Pratt is the son of the veteran, James D. Pratt, who served on active duty in the U.S. Navy from July 1969 to April 1971 and from September 1972 to October 1994.  R. at 2, 14.  The appellant was born in 1974 with a "lumbar myelomeningo-coele associated with a spina bifida."  R.

at 4, 17, 19; *see* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1088 (27th ed. 1988) (defining "myelomeningocele" as a "hernial protrusion of the cord and its meninges through a defect in the vertebral canal").  The appellant does not assert that his biological mother is also a veteran.

In October 1997 the appellant filed an application with the Jackson, Mississippi, Regional Office (RO) for spina bifida benefits.  R. at 23.  On December 3, 1997, the RO denied the appellant's claim, finding that there was neither any record that the veteran's military service was in Vietnam, nor evidence that the veteran was exposed to Agent Orange during service.  R. at 25.  In November 1998, the appellant submitted a request that VA reopen his claim.  R. at 30.  The request was accompanied by extensive evidence related to the veteran's possible exposure to dioxin.  R. at 30-51.  Specifically, the documentation included a letter from the veteran stating that he was assigned to ships located in the San Diego, California, area from 1969 to 1971, and stating:

> [A]ll were previously located in Vietnam and were on their way for another tour in Vietnam.  It is strongly possible the ships were exposed to Agent Orange or carried Agent Orange.  One of my duties was to destroy documents in a very small, very poorly ventilated incinerator.  It was necessary to crawl into this incinerator and destroy many grocery-size bags of documents, taking many hours at a time to destroy.  I was in . . . the incinerator up to four hours at a time.  I may have been exposed to something in the incinerator, such as dioxin bearing fumes.

R. at 35.  Additionally, the veteran stated that from 1971 to 1972 he was assigned to a Naval research base in Wichita, Kansas.  *Id.*  The veteran stated that, while at the base, he may have been exposed to agricultural herbicides.  *Id.*  The veteran stated that he subsequently was assigned to a Naval Reserve training center in San Francisco, California, from 1972 to 1974.  *Id.*  The veteran also indicated in a second letter that "[a]lthough [he] did not serve in the Republic of Vietnam, [he] did serve over 8 years on both active duty and inactive duty during the Vietnam era," and that "[t]his service included service at sea for training ships to fight in the war."  R. at 45.

In February 1999, the RO denied the appellant's claim, informing him that "[t]he information submitted indicates that no herbicides (Agent Orange) were stored at the facility at which your father was stationed."  R. at 53.  In January 2000, the appellant filed a Notice of Disagreement.  R. at 74.  In October 2001, VA sent the appellant a letter regarding his claim.  R. at 76-78.  This letter notified the appellant of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000), and explained the act's duty to assist and notification requirements.  R. at 76.

2

Specifically, the letter stated that VA needed evidence that the appellant's father "had active service in the country of Vietnam during the Vietnam War" in order to substantiate the appellant's claim for benefits for spina bifida, and requested that the appellant send a copy of his father's separation papers or other documents as proof. R. at 77. In April 2002, the RO sent another letter to the appellant updating him on the status of his claim and indicating that it still needed proof of the veteran's service in Vietnam to substantiate the appellant's claim. R. at 82. In May 2002, VA received a letter from the veteran stating: "VA letter of April 18, 2002[,] specifically asks if I served in the country of Viet Nam and the answer is no. However, I served 28 years in the Navy, eight of which were prior to my son's birth, so I had ample opportunity to be exposed to Agent Orange." R. at 85. In June 2002, the RO again denied the appellant's claim finding no evidence that the veteran was ever in Vietnam. R. at 88. The RO issued a Statement of the Case (SOC) in August 2002. R. at 91.

In September 2002, the appellant appealed the RO's determination, asserting his belief that the requirement that his father had to be "in country" in order to be awarded monetary allowances was unfair. R. at 101-03. Later that month, VA received a letter from Robert A. Dahmes, M.D., documenting the appellant's history of spina bifida. R. at 105-06. As a result, the RO issued a Supplemental SOC that considered the medical report. R. at 108-10. However, the RO confirmed the denial of the appellant's claim. R. at 109-10. The November 2003 Board decision on appeal denied service connection for monetary benefits for spina bifida on the basis that the appellant's veteran-biological parent never served in Vietnam. R. at 3.

On appeal, the appellant makes two assertions of error. First, the appellant argues that the Board misconstrued the statutes and regulations regarding eligibility criteria for a child with spina bifida who has a parent who served in Vietnam. Appellant's Brief (App. Br.) at 4-6. Second, the appellant argues that VA did not satisfy its duty to notify pursuant to the VCAA. App. Br. at 7-11. The Secretary responds that the Board was correct in its decision that, in order for the Secretary to provide spina bifida benefits, a biological parent must have served in Vietnam, and, in the appellant's case, there is no evidence that the veteran served in Vietnam. Secretary's Brief (Sec'y Br.) at 9-14. The Secretary also argues that VA complied with the VCAA, but that it is unnecessary for the Court to address this issue because the appellant's legal status is determinative of the outcome. Sec'y Br. at 11-15.

3

## II.  ANALYSIS

### A.  Entitlement to Monetary Benefits for Spina Bifida

In 1996, Congress passed Public Law 104-204, section 421(a), which provided: "The purpose of this section is to provide for the special needs of certain children of Vietnam veterans who were born with the birth defect spina bifida, possibly as the result of the exposure of one or both parents to herbicides during active service in the Republic of Vietnam during the Vietnam era . . . ."  Pub. L. No. 104-204, § 421(a), 110 Stat. 2874.  That public law was repealed by Public Law 106-419 in 2000, and the monetary benefits for such children now are provided under 38 U.S.C. § 1805 in accordance with definitions found in 38 U.S.C. § 1831.[1]  Pub. L. No. 106-419, 114 Stat. 1822. Pursuant to 38 U.S.C. § 1805, the Secretary is permitted to "pay a monthly allowance . . . to any child of a Vietnam veteran for any disability resulting from spina bifida suffered by such child." 38 U.S.C. § 1805(a).  The term "Vietnam veteran" is defined as "an individual who performed active military, naval, or air service in the Republic of Vietnam during the Vietnam era, without regard to the characterization of that individual's service."  38 U.S.C. § 1831(2).  VA's implementing regulation for 38 U.S.C. § 1805 provides:

> Monthly monetary allowance.  VA will pay a monthly monetary allowance . . . to or for a person who VA has determined is an individual suffering from spina bifida whose biological mother or father is or was a Vietnam veteran.

38 C.F.R. § 3.814(a) (2005).  The regulation further provides:

> Vietnam veteran.  For the purposes of this section, the term "Vietnam veteran" means a person who performed active military, naval, or air service in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, without regard to the characterization of the person's service.  Service in the

---

[1]On December 16, 2003, Congress amended the eligibility for monetary benefits for children with spina bifida of veterans with certain service in Korea.  *See* Pub. L. No. 108-183, § 102, 117 Stat. 2651 (codified as amended at 38 U.S.C. § 1821 (2003)).  This provision is inapplicable to the instant case because the record contains no evidence that the veteran ever served in Korea.

Republic of Vietnam includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam.

38 C.F.R. § 3.814(c)(1).

In the instant case, the appellant contests the Board's interpretation and application of 38 U.S.C. §§ 1805(a) and 1831, and 38 C.F.R. § 3.814. These are questions of law. The Court therefore will conduct a de novo review of the Board's interpretation and application of 38 U.S.C. §§ 1805(a) and 1831, and 38 C.F.R. § 3.814. *See* 38 U.S.C. § 7261(a)(1); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc); *see also Hensley v. West*, 212 F.3d 1255, 1263-64 (Fed. Cir. 2000) (discussing the Court's de novo review authority).

The starting point in interpreting a statute is its language. If the meaning of the statute is clear from its language, then that is "the end of the matter." *Brown v. Gardner*, 513 U.S. 115, 120 (1994). To the extent that the appellant argues that 38 U.S.C. § 1805 entitles him to monthly monetary benefits regardless of whether his biological parent served in the Republic of Vietnam, the appellant is mistaken. Section 1831(a), title 38, U.S. Code, in defining 38 U.S.C. § 1805(a), is unambiguous in that the statute provides entitlement only to children of veterans who served in Vietnam. Under any construction of the statute, the veteran did not have service "in the Republic of Vietnam." "In determining the plain meaning of statutory language, 'legislative purpose is expressed by the ordinary meaning of the words used.'" *Jones v. Brown*, 41 F.3d 634, 638 (Fed. Cir.1994) (quoting *Ardestani v. INS*, 502 U.S. 129 (1991)); *see Gardner*, 513 U.S. at 118. The plain meaning of service "in the Republic of Vietnam" does not include the service of Vietnam-era veterans who served neither in the country of Vietnam nor in the waters surrounding Vietnam.

The Board was correct in its finding that the appellant was not entitled to monthly monetary benefits for spina bifida because there is no evidence that the veteran ever served in the Republic of Vietnam or its surrounding waters. Specifically, the veteran's personnel records and personal statements establish that from 1969 to 1971 he was stationed aboard the U.S.S. *Providence* and other ships located in the San Diego, California, area. R. at 8, 35. Additionally, the veteran stated that he was assigned to a Naval Reserve base in Wichita, Kansas, from 1971 to 1972 and a Naval Reserve training center in San Francisco, California, from 1972 to 1974. R. at 35. Furthermore, in two letters that the veteran sent to VA in October 1997 and May 2002, he explicitly stated that he had

not served in Vietnam. R. at 45, 85. The record reveals that the entirety of the veteran's active duty occurred within the United States and its surrounding waters. *See* R. at 35, 45. In light of the veteran's statement that he never served in Vietnam, the Board's conclusion that the evidence does not show that either of the appellant's biological parents served in Vietnam has a plausible basis in the record. R. at 3. Because the veteran's service involved neither active duty nor visitation in the Republic of Vietnam, the appellant is not entitled to monetary benefits pursuant to 38 U.S.C. § 1805, and thus the Board's finding that the appellant is not entitled to payment of monetary benefits for spina bifida as an individual whose biological parent was a Vietnam veteran relies on a correct interpretation of the law.

## B. VCAA

The appellant argues that the Board did not provide him with proper VCAA notice. App. Br. at 7-11. Because the facts averred by the appellant never could satisfy the requirements of 38 U.S.C. § 1805(a), the Court concludes that any Board error regarding the application of the VCAA was nonprejudicial. *See Beverly v. Nicholson*, 19 Vet.App. 394, 403-04 (2005); *Valiao v. Principi*, 17 Vet.App. 229, 232 (2003) (holding that failure to comply with the VCAA constitutes nonprejudicial error "[w]here the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision"); *see also* 38 U.S.C. § 7261(b)(2) (as amended by the Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832); *Desbrow v. Principi*, 18 Vet.App. 30, 32-33 (2004) (per curiam order) (concluding to same effect in similar case).

## III. CONCLUSION

After consideration of the appellant's and the Secretary's briefs, and a review of the record, the Board's November 24, 2003, decision is AFFIRMED.