﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/25/19

DOCKET NO. 180122-409
DATE: July 25, 2019

ORDER

Entitlement to compensation under 38 U.S.C. § 1151 for brain damage due to electric shock treatment, to include memory loss and fatigue, is denied.

Entitlement to an effective date prior to December 12, 2011, for special monthly compensation (SMC) under 38 U.S.C. § 1114 (p) at the intermediate rate between subsection (l) and subsection (m) for additional independent 50 percent disabilities is denied.

Entitlement to service connection for acute cystitis as secondary to degenerative disc disease (DDD) of the lumbar spine is denied.

New and material evidence not having been received, the request to reopen the claim for service connection for acute alcohol poisoning is denied.

FINDINGS OF FACT

1. The Veteran has no additional disability to include brain damage, memory loss and fatigue, from treatment that occurred in a VA facility. 

2. Acute cystitis was not caused or aggravated by the service-connected DDD of the lumbar spine nor is it otherwise related to an in-service injury or disease.

3. A December 1993 rating decision denied service connection for alcoholism as secondary to service-connected schizophrenia (now classified as posttraumatic stress disorder (PTSD)); the Veteran did not appeal the decision and no relevant evidence was received after the decision was issued nor did VA become aware of the existence of new VA treatment within the remainder of the one year of the decision; this is the last final denial for this claim. 

4. The evidence submitted since the December 1993 rating decision is cumulative or redundant of the evidence previously of record and does not relate to an unestablished fact necessary to substantiate the claim for service connection for alcohol poisoning.

5. The Veteran did not meet the requirements of the SMC under 38 U.S.C. § 1114 (p) at the rate intermediate between subsection (l) and subsection (m) until December 12, 2011, when his additional independent service-connected disabilities met the 50 percent combined percentage.

CONCLUSIONS OF LAW

1. The criteria for entitlement to compensation under 38 U.S.C. § 1151 for brain damage due to electric shock treatment, to include memory loss and fatigue, have not been met. 38 U.S.C. §§ 1151, 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.361, 17.32 (2018).

2. The criteria for service connection for acute cystitis due to service or service-connected DDD of the lumbar spine are not met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2018). 

3. The December 1993 rating decision, which denied service connection for alcoholism is final. 38 U.S.C. § 7105 (c) (2012); 38 C.F.R. §§ 20.302, 20.1103 (2018).

4. The evidence received since the December 1993 rating decision, which denied service connection for alcoholism, is not new and material and the claim is not reopened. 38 U.S.C. §§ 5103A, 5107, 5108 (2012); 38 C.F.R. § 3.156 (a) (2018).

5. The criteria for an effective date prior to December 12, 2011, for SMC under 38 U.S.C. § 1114 (p) at the rate intermediate between subsection (l) and subsection (m) for additional independent 50 percent disabilities have not been met. 38 U.S.C. § 1114 (2012); 38 C.F.R. § 3.350(f)(3) (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service from March 1941 to September 1945 and May 1946 to February 1947.

On August 23, 2017, the President signed in law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). Pub. L. No. 115055 (to be codified ast amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017). This law creates a new framework for veterans dissatisfied with the VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in the VA’s Rapid Appeals Modernization Program (RAMP) test program.

The Veteran elected the higher-level review lane when he submitted the RAMP Opt-In Election form in December 2017. Accordingly, the January 2018 RAMP rating decision considered the evidence of record as of the date the VA received his RAMP Opt-In Election form. In January 2018, the Veteran timely appealed the RAMP rating decision to the Board and requested evidence submission (within 90 days and no hearing).

The Board notes that evidence was added to the claim file during a period of time when new evidence was not allowed, notably after the 90 days. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

1. Entitlement to compensation under 38 U.S.C. 1151 for brain damage due to electric shock treatment, to include memory loss and fatigue

Under VA laws and regulations, when a veteran experiences additional disability or death as a result of training, hospital care, medical or surgical treatment, or an examination furnished by the VA, disability compensation shall be awarded in the same manner as if such disability or death was service-connected. 38 U.S.C. § 1151; 38 C.F.R. §§ 3.358, 3.361. For claims filed after October 1, 1997, as in the instant case, a claimant is required to show that the proximate cause of his additional disability was due to carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the VA in furnishing medical care or was an event not reasonably foreseeable. 38 U.S.C. § 1151 (a)(1); 38 C.F.R. § 3.361. 

The Veteran has claimed entitlement to compensation under 38 U.S.C. § 1151 for brain damage, to include memory loss and fatigue, due to electric shock treatment he received while on active duty service. The evidence of record shows, in pertinent part, that the Veteran was on active duty service from May 1946 to February 1947. During such time, the Veteran received 10 electric shock treatments between November 1946 and December 1946 at William Beaumont Army Medical Center as a transfer from the dispensary at Biggs Field. 

The claimed injury in this case did not occur in the course of VA hospitalization, treatment, examination or during vocational rehabilitation. The claimed electric shock treatment happened at a military hospital while the Veteran was on active duty. To the extent that the Veteran is contending he received inadequate or inappropriate medical treatment during his active duty service, that contention does not constitute a claim over which the VA has jurisdiction since the Veteran did not receive his electric shock treatment at a VA facility. Rather, the Veteran must bring his claim against the service department that he asserts mistreated him. The Board notes that the Veteran is service-connected for posttraumatic stress disorder (PTSD), rated as 100 disabling. The complaints of memory loss and fatigue have been contemplated in this evaluation. Moreover, in the absence of proof of a present disability manifested by brain damage, there would be no valid claim to warrant consideration of service-connection. 38 C.F.R. § 3.303; Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

As compensation under 38 U.S.C. § 1151 only pertains to VA care and treatment or VA contracted care, this claim is denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426, 429-30 (1994) (where law and not evidence is dispositive, claim should be denied, or appeal terminated because of lack of legal merit or lack of entitlement under law).

2. Entitlement to service connection for acute cystitis as secondary to degenerative disc disease of the lumbar spine

The Veteran contends that he developed acute cystitis as a result of his service-connected DDD of the lumbar spine. Because the Veteran has not raised, and the record does not reasonably raise, entitlement to direct service connection, the Board’s adjudication will consider only entitlement to secondary service connection.

Service connection may be granted for a disability that is proximately due to, or aggravated by, service-connected disease or injury. 38 C.F.R. § 3.310.

The question for the Board is whether acute cystitis diagnosed in June 2014 is proximately due to, the result of, or aggravated beyond its natural progress by service-connected DDD of the lumbar spine. There are no opinions of record that the acute cystitis is related to his DDD of the lumbar spine other than the Veteran’s own assertions. However, he is not competent to offer an opinion on the etiology of his acute cystitis because of its medical complexity. Determining the origins of his acute cystitis requires specialized training for determinations as to diagnosis and causation and, thus, fall outside the realm of common knowledge of a layperson susceptible to lay opinions on etiology. Jandreau, 492 F.3d at 1377, 1377 n.4. Consequently, his opinion is not probative. 

The Board acknowledges that the Veteran was not afforded a VA examination for the claimed disability. Remand of an issue to the AOJ is limited in RAMP cases to those necessary to correct pre-decisional duty to assist or notification errors. It is not clear that a remand in these circumstances would result in any benefit flowing to the Veteran. Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (“[a] veteran’s interest may be better served by prompt resolution of his claims rather than by further remands to cure procedural errors that, at the end of the day, may be irrelevant to final resolution and may indeed merely delay resolution”). An examination was not necessary in order to render a decision on the issue as the Veteran did not provide any evidence indicating the claimed disability was associated with his service-connected DDD of the lumbar spine. McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006).

As a preponderance of the evidence is against the claim for acute cystitis, the benefit-of-the-doubt doctrine is not applicable in the instant appeal. See 38 U.S.C. § 5107 (b); Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1991).

3. Whether new and material evidence has been received to reopen the claim for service connection for acute alcohol poisoning

The Veteran seeks to reopen a previously denied claim of service connection for alcoholism, now claimed as alcohol poisoning. 

By a December 1993 rating action, the RO denied service connection for alcoholism, finding that it was not related to his service-connected schizophrenia. The Veteran did not appeal the decision. 38 C.F.R. § 20.302(a). No relevant evidence was submitted after the decision was issued or within the remainder of the one year of the date on which notice of the decision was issued. 38 C.F.R. § 3.156(b); see Bond v. Shinseki, 659 F.3d 1362 (Fed. Cir. 2011). VA also did not become aware of the existence of new VA treatment within one year of the decision. Turner v. Shulkin, No 16-1171 (February 8, 2018). Accordingly, the December 1993 decision is final. 38 U.S.C. § 7105.

To reopen a claim which has been denied by a final decision, the claimant must present new and material evidence. 38 U.S.C. § 5108. New and material evidence means evidence not previously submitted to agency decision makers; which relates, either by itself or when considered with previous evidence of record, to an unestablished fact necessary to substantiate the claim; which is neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and which raises a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

Since the December 1993 rating decision, no new evidence has been added to the claim file that is material to the Veteran’s claim. Notably, there still is no probative evidence that the alcoholism, now claimed as alcohol poisoning, is related to his service-connected PTSD (previously classified as schizophrenia). The Veteran does not maintain that such disability is related directly to his active service. See April 2016 statement.

While the evidence may be new, including VA outpatient treatment records, they are not material as they do not raise a reasonable possibility of substantiating the claim. In fact, these records reveal that the Veteran has abstained from alcohol since 2004. Moreover, these records continue to lack competent medical evidence that alcoholism/alcohol poisoning was related to the Veteran’s service-connected psychiatric disability. 

The new evidence did not relate to an unestablished fact necessary to substantiate the claim and is cumulative or redundant of evidence previously of record. Accordingly, the Board finds that new and material evidence has not been added to the record and the claim of service connection for alcohol poisoning may not be reopened. 38 U.S.C. § 5108; 38 C.F.R. § 3.156.

4. Entitlement to an effective date prior to December 12, 2011, for SMC under 38 U.S.C. § 1114 (p) at the rate intermediate between subsection (l) and subsection (m) for additional independent 50 percent disabilities. 

The Veteran was granted SMC under 38 U.S.C. § 1114 (p) and 38 C.F.R. § 3.350 (f)(3) at the rate intermediate between subsection (l) and subsection (m) on account of PTSD with additional disabilities, (cervical spine, traumatic arthritis, DDD of the lumbar spine, and bilateral leg radiculopathy), independently ratable at 50 percent or more, effective from December 12, 2011. The Veteran requests an earlier effective date, though no specific date was provided. However, the Board finds no legal basis to award an effective date prior to December 12, 2011. 

In October 2015, the RO found there was clear and unmistakable error (CUE) in rating decisions dated August 20, 2013, and January 24, 2015, in not granting a half step increase for aid and attendance for the Veteran’s mental health condition and additional disabilities evaluated at 50 percent or more. In this case, the assigned effective date of the corrected rating corresponds to the date from which benefits would have been payable if it had been made on the date of the reversed decisions. 38 C.F.R. § 3.400 (k). Notably, December 12, 2011, was the date of the claim for increase, it was also the effective date for the award of service-connection for right leg radiculopathy rated 10 percent disabling. Thus, the Veteran did not meet the requirements of the rate intermediate between subsection (l) and subsection (m), until December 12, 2011, when his additional service-connected disabilities met the 50 percent additional combined percentage. See 38 C.F.R. § 4.25; see also August 20, 2013, Rating Code Sheet. The Board is bound by the law and regulations which govern the dispersal of VA benefits. Consequently, his claim is denied. 

The Board notes that in a September 2007 rating decision, the Veteran was granted entitlement to SMC under 1114 subsection (l) and 38 C.F.R. § 3.350 (b) on account of being so helpless as to be in need of regular aid and attendance while not hospitalized at U.S. government expense from May 16, 2006. The Veteran did not appeal the effective date and it cannot be challenged with a freestanding claim for an earlier effective date. Rudd v. Nicholson, 20 Vet. App. 296 (2006). If a claimant wishes to obtain an effective date earlier than that assigned in a RO decision, the claimant must file a timely appeal to that decision or submit new and material evidence within the one-year appeal period. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.156 (b), 20.201, 20.302. Otherwise, the decision becomes final, and the only basis for challenging the effective date is a motion to revise the decision on the basis of CUE in the decision assigning the effective date or in a prior decision, the reversal of which would result in an earlier effective date. Rudd, 20 Vet. App. 296 at 299; 38 U.S.C. §§ 5109A; 38 C.F.R. §§ 3.105, 20.1400.

 

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD K. L. Wallin, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.