# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-300

MICHAEL T. RUDD, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided      August 18, 2006     )

*Richard R. James*, of Richmond, Virginia, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Richard Mayerick*, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, MOORMAN, and DAVIS, *Judges*.

HAGEL, *Judge*: Michael T. Rudd appeals through counsel a November 15, 2001, Board of Veterans' Appeals (Board) decision in which the Board denied him (1) an effective date prior to December 14, 1994, for an award of service connection for irritable bowel syndrome, (2) an effective date prior to November 1, 1994, for an award of service connection for bipolar disorder, and (3) an effective date prior to December 14, 1994, for the assignment of a 60% disability rating for his service-connected low-back disability. In a November 14, 2003, order the Court vacated the Board decision and remanded the matter for readjudication pursuant to the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3, 114 Stat. 2096, 2096-97. The Secretary appealed the Court's order to the United States Court of Appeals for the Federal Circuit (Federal Circuit). On June 3, 2004, the Federal Circuit vacated the Court's decision and remanded the matter to the Court. The Court, in turn, eventually stayed the appeal pending the disposition of the appeal in *Dingess v. Nicholson*, 19 Vet.App. 473 (2006), or until further order of the Court.

On March 30, 2006, in a single-judge decision, the Court vacated the November 2001 Board decision and dismissed the appeal. On April 17, 2006, Mr. Rudd filed a motion for a panel decision. For the reasons provided herein, the Court will grant the motion for a panel decision, recall the March 30, 2006, single-judge decision, vacate the Board decision, and dismiss the appeal.

## I. FACTS

Mr. Rudd served on active duty in the U.S. Army from August 1970 to August 1978. Shortly after his discharge from service, he was awarded service connection for a low-back condition and was assigned a 40% disability rating. On November 1, 1994, he filed a claim for service connection for post-traumatic stress disorder. In correspondence dated December 14, 1994, he informed a VA regional office that he wished an increased rating for his service-connected back condition and that he sought service connection for, among other things, "[b]owel syndrome." Record (R.) at 202. In March 1995, the regional office increased the rating for his service-connected low-back condition to 60% and awarded him service connection for irritable bowel syndrome; the effective date for both awards was December 14, 1994. The regional office also denied service connection for post-traumatic stress disorder. In an August 1997 decision, the Board awarded him service connection for bipolar disorder. The regional office, in a September 1997 decision implementing that Board decision, assigned that award an effective date of November 1, 1994, the date on which Mr. Rudd had claimed service connection for post-traumatic stress disorder.

In July 1999, Mr. Rudd requested earlier effective dates for all of his service-connected conditions. The regional office denied him earlier effective dates for his service-connected conditions, including irritable bowel syndrome, bipolar disorder, and for the assignment of the 60% disability rating for his service-connected low-back disability. He appealed to the Board, which decided the appeal in November 2001.

In that decision, the Board denied him (1) an effective date prior to December 14, 1994, for his service-connected irritable bowel syndrome, (2) an effective date prior to November 1, 1994, for his service-connected bipolar disorder, and (3) an effective date prior to December 14, 1994, for the assignment of a 60% disability rating for his service-connected low-back disability. With respect to the irritable bowel syndrome, the Board concluded that December 14, 1994, was the proper

2

effective date for that award because that is the date of the claim and "[t]here is no evidence of any earlier communication which could even be construed as an informal claim for service connection" for irritable bowel syndrome. R. at 5. With respect to the bipolar disorder, the Board reached an almost identical conclusion and noted that "[a]lthough the initial manifestations of his psychiatric disability may have occurred earlier, there is simply no legal basis for an effective date earlier than [November 1, 1994,] the date of the receipt of the claim." R. at 6. Turning to the low-back disability, the Board concluded that the increased-rating claim was received on December 14, 1994, that there was no evidence of an earlier informal claim, and that there was no evidence "of any treatment or examination or any other evidence of an ascertainable increase in his service-connected back disability" in the year preceding the filing of that claim. R. at 8.

On appeal, Mr. Rudd argues that the Board failed to obtain certain evidence, including records from the Social Security Administration, which might be relevant in determining the proper effective date for his service-connected bipolar disorder. He also argues that VA committed grave procedural error when it failed to obtain certain other records. His remaining arguments all relate to an alleged violation of VA's duty to notify pursuant to the Veterans Claims Assistance Act of 2000. He requests that the Court vacate the Board decision and remand the matters.

In response, the Secretary argues that Mr. Rudd is not entitled to earlier effective dates for his service-connected irritable bowel syndrome and bipolar disorder and for his increased rating for his service-connected low-back condition. With respect to the duty to notify, the Secretary contends that, if any such error exists, it is nonprejudicial.

In Mr. Rudd's motion for a panel decision he argues, among other things, that no authority was cited in the March 30, 2006, single-judge decision for the "implicit holding that there is no such thing as a freestanding claim for an earlier effective date" and that the Court made implicit findings of fact regarding the finality of the March 1995 and September 1997 regional office decisions. Motion at 4-11. He requests that if "a panel were to agree with the single judge that there is no [freestanding claim for an earlier effective date], it should vacate the Board decision and remand the case to the Board and regional office to assess in the first instance whether the pleadings constituted Notices of Disagreement and, if so, whether they were timely or may be excused if untimely." *Id.* at 11.

3

## II. ANALYSIS

The effective dates relating to the three conditions on appeal were assigned by the regional office in decisions dated in March 1995 and September 1997. Those decisions were not appealed and therefore became final. That being the case, the Federal Circuit has made it clear that Mr. Rudd could attempt to overcome the finality of those decisions–in an attempt to gain earlier effective dates–in one of two ways, by a request for revision of those regional office decisions based on clear and unmistakable error, or by a claim to reopen based upon new and material evidence.[1] *See Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc); *see also* 38 U.S.C. § 5109A(a) ("A decision by the Secretary . . . is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised."); 38 U.S.C. § 5108 ("If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim."); *Andrews v. Nicholson*, 421 F.3d 1278, 1281 (Fed. Cir. 2005). Of the two, because the proper effective date for an award based on a claim to reopen can be no earlier than the date on which that claim was received, 38 U.S.C. § 5110(a), only a request for revision premised on clear and unmistakable error could result in the assignment of earlier effective dates for the awards of service connection for irritable bowel syndrome and bipolar disorder and for the assignment of the 60% disability rating for Mr. Rudd's service-connected low-back condition. *See Leonard v. Nicholson*[2], 405 F.3d 1333, 1337 (Fed. Cir. 2005) ("[A]bsent a showing of [clear and unmistakable error, the appellant] cannot receive disability payments for a time frame earlier than the application date of his claim to reopen, even with new evidence supporting an earlier disability date."); *Flash v. Brown*, 8

---

[1] Although not relevant here, an additional exception to the rule of finality exists in the form of Board reconsideration. *See* 38 U.S.C. § 7103(a) ("The decision of the Board determining a matter under section 7102 of this title . . . is final unless the Chairman orders reconsideration.").

[2] In *Leonard*, the appellant filed a "claim to reopen for an earlier effective date." 405 F.3d at 1337. Thus, the Federal Circuit observed that "Leonard's request for an earlier effective date [wa]s a 'claim' under [38 U.S.C.] § 5110(a)." *Id.* at 1336. Because section 5110(a) provides that "the effective date of an award based on . . . a claim reopened after final adjudication . . . shall not be earlier than the date of receipt of application therefore," the Federal Circuit went on to conclude that such a claim could not result in the award of an earlier effective date. The issue presented in *Leonard* was not whether there exists a ***freestanding*** claim for an earlier effective date. That question is, however, presented squarely in this case. Indeed, had Mr. Rudd filed a "***claim to reopen*** for an earlier effective date" (or even if there were a factual basis to determine that a claim to reopen existed here), our decision would have mirrored the Federal Circuit's decision in *Leonard*.

4

Vet.App. 332, 340 (1995) ("When a claim to reopen is successful and the benefit sought is awarded upon readjudication, the effective date is the date of the claim to reopen."); *see also Bingham v. Principi*, 18 Vet.App. 470, 475 (2004). Mr. Rudd does not argue that his request for an earlier effective date should be construed as a motion to revise based on clear and unmistakable error.

The only remaining possibility in this case is that the claim can be processed as some form of freestanding claim for earlier effective dates even though the March 1995 and September 1997 regional office decisions assigning effective dates were not appealed to the Board and became final. However, such a possibility vitiates the rule of finality. *See Leonard* and *Cook*, both *supra*. Accordingly, to the extent that Mr. Rudd has improperly raised a freestanding "claim for an earlier effective date" in an attempt to overcome the finality of the March 1995 and September 1997 regional office decisions, his appeal will be dismissed. In addition, the Board decision on appeal will be vacated because the Board erred to the extent that it entertained such an improper "claim" without imposing the strictures of finality. *See Smith (Irma) v. Brown*, 10 Vet.App. 330, 334 (1997) (vacating a Board decision issued after a veteran's death and dismissing appeal). Because we find that there is no proper claim in this case, we will not address Mr. Rudd's other contentions of error.

In his motion for a panel decision, Mr. Rudd asserts for the first time that certain statements made by him or his representative constitute valid Notices of Disagreement as to the March 1995 and September 1997 regional office decisions and that equitable tolling should apply to excuse any late filing of the Notices of Disagreement. However, he did not raise those arguments before the Board, and the Board did not address those issues. Accordingly, we will not, in the first instance, decide such issues. *See McPhail v. Nicholson*, 19 Vet.App. 30, 33-34 (2005) (holding that the appellant's assertions of clear and unmistakable error were no longer at issue and that the issue of equitable tolling of the period for filing a Notice of Disagreement based on mental incapacity was not properly before the Court), *aff'd*, 168 Fed.Appx. 952 ( Fed. Cir. 2006) (unpublished opinion).

The Court notes, however, that Mr. Rudd is not without recourse, as he remains free to file a motion to revise based upon clear and unmistakable error with respect to the March 1995 and September 1997 regional office decisions. Nevertheless, it is noteworthy that his arguments on appeal all pertain to the duties to notify and assist and that such arguments would be of no avail in the clear-and-unmistakable-error context. *See Livesay v. Principi*, 15 Vet.App. 165, 179 (2001) (en

banc) (holding that the notice requirements of 38 U.S.C. § 5103(a) do not apply to motions based on clear and unmistakable error); *see also Cook*, 318 F.3d at 1344-47 (holding that "a breach of the duty to assist cannot constitute [clear and unmistakable error]").  Mr. Rudd is also not precluded from filing a request for an extension of the one-year time limit to file a Notice of Disagreement for "good cause shown" under 38 C.F.R. § 3.109(b) (2005).  We, of course, express no opinion as to the potential success of any such pursuits.

### III.  CONCLUSION

On consideration of the foregoing, the stay is dissolved.  The motion for a panel decision is granted and the March 30, 2006, single-judge decision is recalled.  The November 2001 Board decision on appeal is VACATED and this appeal is DISMISSED.