Citation Nr: 1104831 
Decision Date: 02/07/11 Archive Date: 02/14/11

DOCKET NO. 09-00 631 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
Muskogee, Oklahoma


THE ISSUE

Entitlement to an effective date prior to February 11, 2003 for 
the award of service connection for lumbar strain.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Suzie S. Gaston, Counsel




INTRODUCTION

The Veteran served on active duty from April 1988 to August 1995. 

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a February 2008 rating decision by the Muskogee, 
Oklahoma RO, which denied a claim for an effective date earlier 
than February 11, 2003 for the grant of service connection for 
lumbar strain. 

On August 23, 2010, the Veteran appeared at the Muskogee RO and 
testified at a videoconference hearing before the undersigned 
Veterans Law Judge, sitting in Washington, DC. A transcript of 
the hearing is of record. 


FINDINGS OF FACT

1. The Veteran's claim for service connection for low back 
disability (VA Form 21-526) was received by the RO on February 
11, 2003. 

2. By a July 2003 rating decision, the RO granted service 
connection for lumbar strain and assigned a 10 percent disability 
rating, effective February 11, 2003. The Veteran did not appeal 
that rating decision. 

3. In November 2007, the Veteran submitted a request for an 
earlier effective date for the award of service connection for 
lumbar strain. 


CONCLUSIONS OF LAW

1. The July 2003 rating decision, assigning an effective date of 
February 11, 2003, for the award of service connection for lumbar 
strain, is final. 38 U.S.C.A. § 7105(c) (West 2002 & Supp. 
2010); 38 C.F.R. §§ 3.160(d), 20.302, 20.1103 (2010). 

2. The claim for an effective date earlier than February 11, 
2003, for the award of service connection for lumbar strain, 
lacks legal merit. 38 U.S.C.A. § 5109A (West 2002); 38 C.F.R. 
§ 3.105(a) (2010); Rudd v. Nicholson, 20 Vet. App. 296 (2006). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran is seeking an effective date for the award of service 
connection for lumbar strain earlier than February 11, 2003. 
Generally speaking, the effective date of an award of service 
connection shall be the day following the date of discharge or 
release from military service if application is received within 
one year from such date of discharge or release. Otherwise, the 
effective date of an evaluation and award of compensation based 
on an original claim or a claim reopened after final disallowance 
will be the date of receipt of the claim or the date entitlement 
arose, whichever is the later. 38 U.S.C.A. § 5110; 38 C.F.R. 
§ 3.400. 

A claimant can appeal the effective date assigned for the grant 
of service connection. A claimant has one year from notification 
of a RO decision to initiate an appeal by filing a notice of 
disagreement with the decision. Then, after receipt of a 
statement of the case from the RO, the Veteran has sixty days 
from the date of the letter notifying him of the statement of the 
case, or within the remainder, if any, of the one-year period 
from the date of the letter notifying him of the action on 
appeal, to file a substantive appeal. 38 C.F.R. § 20.302. 

If the appeal is not perfected within the allowed time period, 
then the rating decision becomes final. 38 C.F.R. § 20.1103. 
Once final, rating actions are binding based on evidence on file 
at the time the claimant is notified of the decision and may not 
be revised on the same factual basis except by a duly constituted 
appellate authority. 38 U.S.C.A. § 7105(c) (West 2002); 38 
C.F.R. §§ 3.104(a), 20.1103 (2010). Prior final decisions may be 
reopened if new and material evidence is received. See 38 
U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156 (2010). 

A final decision may also be subject to revision on the basis of 
clear and unmistakable error (CUE), as provided in 38 C.F.R. 
§ 3.105. See 38 C.F.R. § 3.104(a) (2010). Here, the Veteran has 
not made a claim of clear and unmistakable error in the July 2003 
decision that awarded service connection for lumbar strain. 

In sum, if a claimant seeks an effective date earlier than that 
assigned in an RO decision, the claimant must file a timely 
appeal as to that decision. Otherwise, that decision becomes 
final and the only basis for challenging the effective date is a 
motion to revise the decision based on clear and unmistakable 
error. See Rudd v. Nicholson, 20 Vet. App. 296 (2006); See also 
Leonard v. Nicholson, 405 F.3d 1333, 1337 (Fed. Cir. 2005). 

Once a decision assigning an effective date has become final, a 
claimant may not properly file, and VA has no authority to 
adjudicate, what is known as a "freestanding" earlier effective 
date claim in an attempt to overcome the finality of an 
unappealed RO decision. Rudd, supra. The Court reasoned that to 
allow such claims would vitiate the rule of finality. Id. 

In February 2003, the Veteran filed a claim for service 
connection for chronic low back pain. In a July 2003 rating 
decision, the RO granted service connection for lumbar strain and 
assigned a 10 percent disability rating, effective February 11, 
2003. The veteran was informed of that determination and of his 
appeal rights by way of a letter dated July 25, 2003. He did not 
appeal that decision. No correspondence was received from the 
Veteran within one year of July 25, 2003, expressing disagreement 
with the effective date assigned for the grant of service 
connection for lumbar strain. See 38 C.F.R. §§ 20.201, 
20.302(a). Therefore, that decision is final. 

In November 2007, the Veteran filed a claim for an earlier 
effective date for the grant of service connection for lumbar 
strain. 

The Court of Appeals for Veterans Claims has held that there is 
no basis in law for a "freestanding" claim for an earlier 
effective date. Rudd v. Nicholson, 20 Vet. App. 296 (2006). A 
final decision can only be overcome by a request for revision 
based on CUE, or by a request to reopen the previously final 
decision based upon new and material evidence. See 38 U.S.C.A. 
§§ 5108, 5109A; 38 C.F.R. §§ 3.105(a), 3.156(a). Because the 
proper effective date for an award of service connection based on 
a claim to reopen can be no earlier than the date on which that 
claim was received, only a request for revision premised on CUE 
could result in the assignment of an earlier effective date. See 
38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400(b) (2); Leonard v. 
Nicholson, 405 F.3d 1333 (2005). As noted above, the Veteran did 
not allege CUE in the July 2003 decision that awarded service 
connection for lumbar strain. In addition, his current claim may 
not be reasonably construed as a claim based upon CUE, and the RO 
has not developed the issue; as such, the Board finds no 
allegation of fact or law upon which relief may be granted. To 
find otherwise, the Board would err in entertaining a 
"freestanding claim" without imposing the strictures of 
finality. Rudd, 20 Vet. App. at 300. Accordingly, the veteran's 
claim must be denied as a matter of law. Sabonis v. Brown, 6 
Vet. App. 426, 430 (1994) (where the law and not the evidence is 
dispositive, the Board should deny the claim on the ground of 
lack of legal merit). 


ORDER

An effective date prior to February 11, 2003, for the grant of 
service connection for lumbar strain is denied. 



________________________________
MARK F. HALSEY
Veterans Law Judge, Board of Veterans' Appeals


 Department of Veterans Affairs