﻿Citation Nr: AXXXXXXXX
Decision Date: 02/25/19 Archive Date: 02/25/19

DOCKET NO. 181109-995
DATE: February 25, 2019

ORDER

Entitlement to an effective date prior to June 29, 2015 for the grant of a 30 percent rating for right knee degenerative joint disease is denied.

Entitlement to an effective date prior to April 21, 2014 for the grant of service connection for right knee instability is denied. 

FINDINGS OF FACT

1. Prior to June 29, 2015, the Veteran’s right knee limitation of motion did not meet the criteria for a 30 percent rating under any appropriate diagnostic code.

2. Following a final September 2013 rating decision that granted service connection for a right knee disability (degenerative joint disease), there was no communication received from the Veteran seeking service connection for right knee instability prior to April 21, 2014.

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to June 29, 2015, for the assignment of a 30 percent rating for right knee degenerative joint disease have not been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. §§ 3.400, 4.71a, Diagnostic Codes 5256, 5260 5261 (2018).

2. The criteria for an effective date prior to April 21, 2014 for service connection for right knee instability have not been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1973 to July 1976. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

1. Entitlement to an effective date prior to June 29, 2015 for the grant of a 30 percent rating for limitation of extension right knee.

The March 2016 rating decision on appeal granted an increased rating of 30 percent for degenerative joint disease of the right knee, based on limitation of extension, effective from June 29, 2015. The Board notes that the RO referred to this issue as an earlier effective date for service connection for limitation of extension of the right knee. The Board has recharacterized the issue to more accurately reflect the issue on appeal. Service connection was already in effect for arthritis of the right knee prior to June 29, 2015. Consequently, the award of a 30 percent rating was the award of an increased rating. It was not an award of service connection for a new right knee disability. 

The general rule with regard to an award of increased compensation is that the effective date for such an award will be the date the claim was received or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o)(1). An exception to this rule applies where the evidence demonstrates that a factually ascertainable increase in disability occurred during the one-year period preceding the date of receipt of the claim for increased compensation. Otherwise, the effective date remains the date the claim is received. 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2).

The September 2013 rating decision granted the Veteran service connection and a 10 percent rating for right knee degenerative joint disease. The March 2016 rating decision granted the Veteran an increased rating of 30 percent for his right knee degenerative joint disease based on limitation of extension. The Veteran disagreed with the June 29, 2015 effective date of the award of 30 percent. The Board notes that the Veteran has provided no argument indicating why he believes the 30 percent rating should have been assigned from an earlier date. 

An earlier effective date for the 30 percent rating may be assigned if it can be shown that the Veteran both submitted his claim for an increased rating prior to June 29, 2015, and if it can be shown that the Veteran’s right knee degenerative joint disease was 30 percent disabling prior to that date. Although the record does reveal that the Veteran submitted a claim for an increased rating for his right knee disability prior to June 29, 2015, he has not been shown to have met the criteria for a 30 percent rating for his right knee degenerative joint disease prior to June 29, 2015. 

Under Diagnostic Code 5003, the rating schedule directs that degenerative arthritis that has been established by x-ray findings will be rated on the basis of limitation of motion under the appropriate diagnostic codes for the specific joints involved. Diagnostic Codes 5256, 5260, and 5261 are the appropriate diagnostic codes based on limitation of motion of the knee. The Board notes that Diagnostic Code 5256 rates based on the presence of ankylosis, or immobility of the joint. As the Veteran had movement in the right knee joint, this code is inapplicable to the Veteran’s right knee claim. 

Pursuant to Diagnostic Code 5260, when flexion of the leg is limited to 15 degrees a 30 percent rating is warranted. Under Diagnostic Code 5261 when extension is limited to 20 degrees a 30 percent rating is warranted.

The record does not contain evidence showing that the Veteran met the criteria for a 30 percent rating for limitation of motion of the right knee prior to an October 2015 VA examination report. Private physical therapy records, dated from June 2014 to August 2014, show the Veteran having right knee extension limited to at most 4 degrees. On VA examination of the right knee in September 2014 (report contained in Virtual VA), the Veteran had full extension of the right knee without pain. On VA examination in March 2015 the Veteran was noted to have full right knee extension without pain. The VA March 2015 examiner estimated that the Veteran had no limitation of extension during flare-ups. At no time prior to June 29, 2015 did the Veteran have limitation of flexion of the right knee that approached the criteria for even a compensable rating based on limitation of extension. See 38 C.F.R. § 4.71a, Diagnostic Code 5261.

The evidence of record also shows that the Veteran did not meet the criteria for a 30 percent rating based on limitation of flexion prior to June 29, 2015. Private physical therapy notes dated from June 2014 to August 2014 show the Veteran having right knee flexion to at least 100 degrees. On VA examination of the right knee in September 2014 (report contained in Virtual VA), the Veteran had 90 degrees of flexion of the right knee with pain beginning at 80 degrees. On VA examination in March 2015 the examiner estimated that the Veteran had 80 degrees of flexion during flare-ups. At no time prior to June 29, 2015 did the Veteran have limitation of flexion of the right knee that approached the criteria for even a compensable rating based on limitation of flexion. See 38 C.F.R. § 4.71a, Diagnostic Code 5260. 

This evidence clearly shows that the Veteran’s right knee degenerative joint disease did not meet the criteria for a 30 percent rating for his right knee degenerative joint disease under any applicable diagnostic code at any time prior to June 29, 2015. As entitlement to a 30 percent rating did not arise at any time prior to June 29, 2015, an earlier effective date may not be assigned. 38 C.F.R. § 3.400(o).

Accordingly, the Board finds that the claim of entitlement to an effective date prior to June 29, 2015, for the award of a 30 percent rating for right knee degenerative joint disease must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim of entitlement to an earlier effective date, that doctrine is not applicable. See Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001).

2. Entitlement to an effective date prior to April 21, 2014 for the grant of service connection for right knee instability.

The May 2015 rating decision on appeal granted the Veteran service connection and a 10 percent rating for instability of the right knee. The RO granted the Veteran an effective date of April 21, 2014, based on that being the date the Veteran’s claim was received. The Veteran has provided no argument indicating why he believes an earlier effective date is warranted for the grant of service connection. 

Generally, the effective date for an award of service connection and disability compensation, based on an original claim or a claim reopened after a final disallowance, is the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service; otherwise, the effective date will be the date of receipt of claim, or date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

In this case the Veteran did not submit a claim for a right knee disorder within a year of discharge from service. The record shows that the VA first received a claim for service connection for a right knee disorder, specified as right knee edema, on November 28, 2012. In response to the Veteran’s claim the RO issued a September 2013 rating decision granting service connection and a 10 percent rating for right knee degenerative joint disease. Although the November 28, 2012 claim might also be considered a claim for service connection for right knee instability, that claim for service connection for right knee disability in general was adjudicated by the September 2013 rating decision. The Veteran was sent notice of that decision and he did not appeal. Consequently, that decision in final, and the Veteran cannot be granted service connection for right knee instability prior to the final September 24, 2013 rating decision. See Rudd v. Nicholson, 20 Vet. App. 296 (2006). 

Subsequent to the Veteran’s September 24, 2013 final rating decision, no communication was received from the Veteran indicating an intent to claim service connection for right knee instability prior to April 21, 2014. Consequently, the criteria for an effective date prior to April 21, 2014, for the grant of service connection for right knee instability, have not been met. 38 C.F.R. § 3.400(b).

In consideration of the foregoing, the Board finds that a preponderance of the evidence weighs against an effective date prior to April 21, 2014 and the appeal must be denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. E. Jones, Counsel