﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190725-35142
DATE: October 31, 2019

ORDER

A retroactive Concurrent Retired and Disability Pay (CRDP) compensation payment in excess of $2,091.15 is denied.

FINDING OF FACT

From May 1, 2017 through January 31, 2018 and from May 1, 2018 through May 31, 2018, the Veteran is not entitled to a retroactive CRDP compensation payment in excess of $2,091.15.

CONCLUSION OF LAW

The criteria for a retroactive CRDP compensation payment in excess of $2,091.15 have not been met. 38 U.S.C. §§ 1414, 5304, 5305; 38 C.F.R. § 3.750; Sabonis v. Brown, 6 Vet. App. 426 (1994).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In a July 11, 2019 notice letter, the Agency of Original Jurisdiction (AOJ) notified the Veteran that he is entitled to a retroactive CRDP compensation payment of $2,091.15 for the periods from May 1, 2017 through January 31, 2018 and from May 1, 2018 through May 30, 2018 (sic). On July 25, 2019, the Veteran filed an appeal to the Board requesting direct review by the Board. He cited July 11, 2019 as the date of the decision being appealed and asserted that he is entitled to a retroactive payment dating back to December 2013 when he filed his claim. 

In an October 2019 statement, the Veteran’s representative phrased the issue as entitlement to a retroactive CRDP compensation payment in excess of $2,091.15. 

In general, there is a prohibition on the concurrent payment of military retired pay and VA disability compensation pay without a waiver of a portion of the retired pay. 38 U.S.C. §§ 5304, 5305 (2012). Legislation, however, has been enacted to allow certain Veterans to receive some measure of concurrent payments for both their retired military pay and their VA disability compensations. The two applicable programs are known as Combat Related Special Compensation (CRSC) and Concurrent Retirement and Disability Payment (CRDP). CRDP is a program that is available to military retirees who served a minimum of 20 years creditable service, including service in the National Guard and Reserves. CRDP restores some or all of the military retired pay that was deducted due to receipt of VA service-connected disability compensation. Retirees must be rated 50 percent or more disabled by VA and, unlike CRSC, the disabilities do not have to be combat-related. 38 U.S.C. §§ 1414, 5304, 5305 (2012); 38 C.F.R. § 3.750 (2018).

A July 2019 Audit Error Worksheet issued by Defense Finance and Accounting Service (DFAS) shows that the retroactive CRDP compensation payment of $2,091.15 is correct for the periods noted, from May 1, 2017 through January 31, 2018 and from May 1, 2018 through May 31, 2018. This figure is calculated by adding all the amounts VA withheld for the months in question, which were mirrored in the amounts due from VA for those same months. 

Given the above, according to DFAS, the Veteran's retroactive CRDP payment amount for the periods from May 1, 2017 through January 31, 2018 and from May 1, 2018 through May 31, 2018 is $2,091.15. VA is bound by that finding. DFAS is a separate entity of the Department of Defense and is not governed by VA. VA does not have jurisdiction to amend DFAS findings. Thus, the Board finds that from May 1, 2017 through January 31, 2018 and from May 1, 2018 through May 31, 2018, the Veteran is not entitled to a retroactive CRDP compensation payment in excess of $2,091.15.

As for the Veteran’s assertion that he is entitled to a retroactive payment dating back to a December 2013 claim, the record shows that VA received a claim for service connection for a heart disability on December 17, 2013. A May 2019 rating decision granted service connection for a heart disability along with a surgical scar, and assigned an effective date of December 17, 2013, the date of receipt of claim. The May 23, 2019 notice of that decision reflects retroactive payments since January 1, 2014, the first day of the month following the date of entitlement. The July 2019 Audit Error Worksheet confirms the award of those retroactive payments. If the Veteran has not yet received the retroactive payment, as the Audit Error Worksheet shows that those retroactive payments have been calculated by DFAS, the Veteran should soon receive payment.

While the record is unclear why the July 11, 2019 letter only addressed the periods from May 1, 2017 through January 31, 2018 and from May 1, 2018 through May 31, 2018, the record clearly shows that retroactive payments for the claim filed in December 2013 have been made. Thus, while the letter may have led the Veteran to believe that he was only being paid back to May 2017 for his December 2013 claim, as the record stands, retroactive payments since December 2013 have been properly calculated. 

The Board notes that a July 2018 rating decision granted service connection for various disabilities and increased ratings for other disabilities, and assigned an effective date for those awards of May 14, 2018, the date VA received a claim for increased compensation based on unemployability. To the extent the Veteran is asserting that those awards should date back to his December 17, 2013 claim, the record does not show such entitlement. As noted above, the December 2013 claim was only for a heart disability. Moreover, notice of the July 2018 rating decision was issued on July 12, 2018. The Veteran’s July 25, 2019 appeal to the Board is the first indication of any possible disagreement with the assigned effective date, but it was not received within one year of the date of notice of the July 2018 rating decision. As such, even if the Board were to construe the appeal to the Board as a notice of disagreement, such notice of disagreement is untimely. Thus, the July 2018 rating decision became final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 3.160(d), 20.200, 20.302, 20.1103 (2018). Only a request for revision based on clear and unmistakable error (CUE) can result in the assignment of an effective date earlier than the date of a final decision, as free-standing claims for earlier effective dates vitiate the rule of finality. Rudd v. Nicholson, 20 Vet. App. 296 (2006). The Veteran has not asserted CUE in this case.

Accordingly, the Board concludes that a retroactive CRDP compensation payment in excess of $2,091.15 is not warranted. In a case where the law and not the evidence is dispositive, the claim should be denied or the appeal to the Board terminated because of the absence of legal merit or the lack of entitlement under the law. Sabonis v. Brown, 6 Vet. App. 426 (1994).

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. W. Kim, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.