﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190626-10724
DATE: February 28, 2020

ORDER

Entitlement to an effective date prior to January 14, 2019 for the award of service connection of posttraumatic stress disorder (PTSD) is denied.

FINDINGS OF FACT

1. The Veteran’s claim for service connection for PTSD was denied originally in a May 2017 rating decision; he was provided notice of this decision and did not appeal or submit new and material evidence within one year of this decision; therefore, the May 2017 rating decision is final.

2. After the May 2017 final rating decision, the first communication from the Veteran to VA evidencing his intent to file a claim for service connection for PTSD was received on September 15, 2017, and a VA Form 21-526EZ was not received until January 14, 2019.

CONCLUSION OF LAW

The criteria for an effective date prior to January 14, 2019 for the grant of service connection of PTSD are not met. 38 U.S.C. §§ 5110, 7105; 38 C.F.R. §§ 3.1, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Veteran served on active duty from July 2002 to July 2006.

The Veteran timely appealed the June 2019 rating decision that denied entitlement to an earlier effective date for the grant of service connection for PTSD, effective January 14, 2019, to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). See June 2019 VA Form 10182. As a result of the direct review election, only evidence of record at the time of the issuance of the June 2019 rating decision will be considered.

1. Entitlement to an effective date prior to January 14, 2019 for the grant of service connection of posttraumatic stress disorder.

The Veteran contends he is entitled to an earlier effective date for the grant of service connection for PTSD with a 70 percent disability rating, effective January 14, 2019. See June 2019 VA Form 10182. 

In general, the effective date for the grant of service connection based upon an original claim or a claim reopened after final disallowance is either the day following separation from active service or the date entitlement arose if the claim is received within one year after separation from service; otherwise it will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(b)(1); 38 C.F.R. § 3.400(b).

The Veteran was separated from active service in July 2006. As the Veteran’s claim was not received within one year of his separation from active service, the effective date will be the date of receipt of the claim or the date entitlement arose, whichever is later. After a thorough review of the record, the Board finds that an effective date earlier than January 14, 2019 for the grant of service connection for PTSD is not warranted.

The Veteran’s claim for service connection for PTSD was denied originally in a May 2017 rating decision based essentially on a finding that he did not have a confirmed diagnosis of PTSD. The Veteran did not file a notice of disagreement within one year of the May 2017 rating decision nor was new and material evidence received within one year of that decision. Therefore, the May 2017 rating decision is final and not subject to revision in the absence of clear and unmistakable error (CUE) in the decision. 38 U.S.C. §§ 5109A, 7105; see Rudd v. Nicholson, 20 Vet. App. 296 (2006) (finding that only a request for revision based on CUE could result in the assignment of an effective date earlier than the date of a final decision).

While the Veteran and his representative have, in the course of his appeal for an earlier effective date, expressed disagreement with the May 2017 rating decision and asserted generally that it contains CUE by failing to provide him with a VA examination (see May 2019 VA Form 21-4138 and February 2020 Informal Hearing Presentation), the Veteran has not filed a formal claim for such. Therefore, the AOJ has not had an opportunity to adjudicate this issue and the Board is without jurisdiction to adjudicate a claim for CUE in a rating decision in the first instance. 

As the May 2017 rating decision is final, it serves as a legal bar to an effective date prior to the date of that decision. 

Subsequent to the May 2017 rating decision and prior to January 2019, the record reflects that in September 2017, VA received the Veteran’s intent to file a claim. He was advised that if his completed application was received within one year from the date that his intent to file was received, and it was decided that he was entitled to VA benefits, VA might be able to compensate him from the date of receipt of his intent to file. However, the Veteran did not submit a completed application until January 14, 2019, more than one year after the intent to file was received.

An April 2019 rating decision granted service connection for PTSD and assigned a 70 percent disability rating, effective January 14, 2019, the date VA received the Veteran’s claim.

As noted above, the relevant regulations require that the effective date of the award be the date of receipt of the original claim, a claim reopened after a final disallowance, or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400. The AOJ assigned the effective date of January 14, 2019 and indicated that such date was based on the receipt of the Veteran’s reopened claim. See April 2019 rating decision. Accordingly, the Board finds that the effective date has been appropriately assigned as January 14, 2019, and the claim for an earlier effective date is denied.

In reaching the foregoing conclusion, the Board again emphasizes that it is aware the Veteran has generally asserted CUE in the May 2017 rating decision. However, at this time he has not filed a formal claim for CUE with the requisite specifications for such claims and this issue has not yet been adjudicated by the AOJ. Therefore, if the Veteran seeks review of this matter, he should file a formal claim for such. 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Griffin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.