﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200501-81052
DATE: March 31, 2021

ORDER

Entitlement to an effective date earlier than April 19, 2012 for the grant of service connection for carpal tunnel syndrome, left upper extremity, is dismissed.

Entitlement to an effective date earlier than April 19, 2012 for the grant of service connection for carpal tunnel syndrome, right upper extremity, is dismissed.

Entitlement to an effective date earlier than March 6, 2014 for the grant of service connection for gastroesophageal reflux disease (GERD) is dismissed.

Entitlement to an effective date earlier than August 28, 2017 for the grant of service connection for fibromyalgia is denied.

Entitlement to an effective date earlier than August 28, 2017 for the grant of a 20 percent rating for carpal tunnel syndrome, left upper extremity, is denied.

Entitlement to an effective date earlier than August 28, 2017 for the grant of a 30 percent rating for carpal tunnel syndrome, right upper extremity, is denied.

Entitlement to an effective date earlier than August 28, 2017 for the grant of a 10 percent rating connection for GERD is denied.

FINDINGS OF FACT

1. The Agency of Original Jurisdiction (AOJ) granted the Veteran’s claims for service connection for carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity, in a February 2014 rating decision. The Veteran did not appeal this decision, nor did she submit new and material evidence within one year of it. Accordingly, the February 2014 rating decision became final.

2. The AOJ granted the Veteran's claim for service connection for GERD in a July 2015 rating decision. The Veteran did not appeal this decision, nor did he submit new and material evidence within one year of it. Accordingly, the July 2015 rating decision became final. 

3. The Veteran claimed a disability characterized as "Residual OEF Environmental Exposures w/ Manifested Chronic Headaches, Post-Nasal Drip, Myalgias, Vertigo, and Dyspnea" on May 11, 2012. This disability encompassed the condition subsequently diagnosed as fibromyalgia in 2017.

4. The AOJ denied service connection for a "disability related to Gulf War environmental exposures, with manifestations including post-nasal drip, myalgias, vertigo, and dyspnea" in a February 2014 rating decision. The Veteran did not appeal this decision, nor did she submit new and material evidence within one year of it. Accordingly, the February 2014 rating decision became final.

5. The Veteran filed an Intent-to-File (ITF) on March 2, 2017, which expired on March 1, 2018.

6. The Veteran filed an ITF on August 28, 2017, and the June 21, 2018 claim for service connection for fibromyalgia and increased ratings for carpal tunnel syndrome, left upper extremity, carpal tunnel syndrome, right upper extremity, and GERD relate back to this ITF.

CONCLUSIONS OF LAW

1. The February 2014 rating decision granting the claims for service connection for carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity, and denying service connection for a "disability related to Gulf War environmental exposures, with manifestations including post-nasal drip, myalgias, vertigo, and dyspnea" is final based on the evidence then of record. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104(a), 3.160(d), 20.200, 20.302, 20.1103.

2. The July 2015 rating decision granting the claim for service connection for GERD is final based on the evidence then of record. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104(a), 3.160(d), 20.200, 20.302, 20.1103.

3. The appeal of entitlement to an effective date earlier than April 19, 2012 for the grant of service connection for carpal tunnel syndrome, left upper extremity, is dismissed. 38 U.S.C. § 7104.

4. The appeal of entitlement to an effective date earlier than April 19, 2012 for the grant of service connection for carpal tunnel syndrome, right upper extremity, is dismissed. 38 U.S.C. § 7104.

5. The appeal of entitlement to an effective date earlier than March 6, 2014 for the grants of service connection for GERD is dismissed. 38 U.S.C. § 7104.

6. The criteria for an effective date earlier than August 28, 2017 for the grant of service connection for fibromyalgia have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.160, 3.400.

7. The criteria for an effective date earlier than August 28, 2017 for the grant of a 20 percent rating for carpal tunnel syndrome, left upper extremity, have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.160, 3.400.

8. The criteria for an effective date earlier than August 28, 2017 for the grant of a 30 percent rating for carpal tunnel syndrome, right upper extremity, have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.160, 3.400.

9. The criteria for an effective date earlier than August 28, 2017 for the grant of a 10 percent rating for GERD have not been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.160, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from September 2000 to July 2007.

The rating decision on appeal was issued in January 2020, and it constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. As background, the codesheet accompanying the January 2020 rating decision, states:

I hereby certify that the claims record of this veteran has been reviewed and that the following clear and unmistakable error has been identified: Previous Rating Decision, dated July 18, 2018, granted an incorrect effective date for carpal tunnel syndrome bilateral upper extremities, & GERD. The correct effective date should be the intent to file date of August 28, 2017, as the claim was received within one year on June 21, 2018. Each assigned effective date of this corrected rating corresponds to the date from which benefits would have been payable if it had been made on the date of the reversed decisions (38 C.F.R. § 3.400(k)).

The rating decision also granted service connection for fibromyalgia. The AOJ rated the fibromyalgia as 40 percent disabling, effective August 28, 2017.

In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Appellant elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. 

As for the substance of the appeal, the VA Form 10182 lists the issued appealed as:

1) "effective date for bilateral carpal tunnel"

2) "effective date for GERD"

3) "effective date for fibromyalgia"

The Veteran submitted a statement accompanying the VA Form 10182. In it, she stated: 

Thank you for recent Department of Veterans Affairs (VA) rating decision dated January 9, 2020. It arrived here on April 9, 2020. The effective dates for the establishment of disability benefits assigned in this rating decision are in error. We therefore must commence an appeal. See enclosed VA Form 10182, DECISION REVIEW REQUEST: BOARD APPEAL (NOTICE OF DISAGREEMENT).

In a Notice of Disagreement letter dated August 31, 2019, we reminded VA that on May 11, 2012, VA received the current claims pertinent to the benefits granted in the recent rating decision. Because the effective date of benefits for service connection and increased disability ratings are assigned in accordance with 38 U.S.C. § 5110 and 38 C.F.R. § 3.400, and because those authorities require VA to assign effective dates that “...shall not earlier than the date of receipt of application therefor.”, and because no decision relating to the veteran’s May 2012 claims has become final, the effective date of benefits for each disability addressed in the recent rating decision must be the date that VA received the application, which is May 11, 2012. 

Your recent rating decision cheats this honorably discharged Persian Gulf War (PGW) veteran out of over 5-years of benefits for which she has been patiently awaiting.

Although the AOJ did not adjudicate the issue of service connection for 1) carpal tunnel syndrome, left upper extremity; 2) carpal tunnel syndrome, right upper extremity; and 3) GERD in the January 2020 rating decision on appeal, the Board finds, based on the foregoing, the Veteran is attempting to appeal the effective dates of the grants of service connection for those disabilities. In contrast, the AOJ did adjudicate the issue of service connection for fibromyalgia in the January 2020 rating decision on appeal. The Board also finds, based on the foregoing, the Veteran is attempting to appeal the effective date of the grant of service connection for that disability. 

Moreover, the Board is also construing the VA Form 10182 to include appeals of the August 28, 2017 effective date the AOJ assigned for the respective ratings for 1) carpal tunnel syndrome, left upper extremity; 2) carpal tunnel syndrome, right upper extremity; and 3) GERD. Consequently, the Board will review seven appellate issues.

Issue 1: Entitlement to an effective date earlier than April 19, 2012 for the grant of service connection for carpal tunnel syndrome, left upper extremity

Issue 2: Entitlement to an effective date earlier than April 19, 2012 for the grant of service connection for carpal tunnel syndrome, right upper extremity

Earlier Effective Date – Background Law

The provisions for the determination of an effective date of an award of compensation are set forth in 38 U.S.C. § 5110. Except as otherwise provided, the effective date of the award of an evaluation based on an original claim, a claim reopened after a final disallowance, or a claim for an increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. Under VA laws and regulations, a specific claim in the form prescribed by the VA must be filed for benefits to be paid or furnished to any individual under laws administered by the VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). 

Also, in Rudd v. Nicholson, 20 Vet. App. 296 (2006), the U.S Court of Appeals for Veterans Claims (CAVC) held that, VA claimants may not properly file, and VA has no authority to adjudicate, a “freestanding” claim for an earlier effective date in an attempt to overcome the finality of an unappealed AOJ decision. Instead, the CAVC found that that claimants in such cases may file a motion to revise based upon clear and unmistakable error (CUE) with respect to the assignment of an effective date. 

Analysis

The AOJ service connected the Veteran's carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity, in a February 2014 rating decision. It rated both disabilities as 10 percent disabling, and it assigned an effective date of April 19, 2012.

The Veteran, after this decision, filed a VA Form 21-526b, Veteran Supplemental Claim, on March 6, 2014, and filed a VA Form 21-0958, Notice of Disagreement on March 8, 2014.

As it relates to the VA Form 21-526b, Veteran Supplemental Claim, the Veteran, in the May 2020 statement accompanying the VA Form 10182, cites a statement dated August 31, 2019. This statement says, "with respect to claims denied in the February 2014 rating decision, but then addressed in the March 2014 SUPPLEMENTAL CLAIM, the SUPPLEMENTAL CLAIM must be considered as a timely NOD." As the AOJ granted service connection for carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity, the Board finds the VA Form 21-526b inapposite. Specifically, the VA Form 21-526b cites "new disabilities" for which the Veteran sought service connection. The Board construes nothing in the VA Form 21-526b to appeal the effective date the AOJ assigned for the grants of service connection for carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity.

As it relates to the VA Form 21-0958, Notice of Disagreement, the Veteran disagreed with the denial of service connection for "any left foot condition" and "any right foot condition" cited in the February 2014 rating decision. As such, the Board construes nothing in the VA Form 21-0958, Notice of Disagreement, to appeal the effective date the AOJ assigned for the grants of service connection for carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity.

Based on the foregoing, the Board finds the Veteran did not appeal the February 2014 rating decision. Relatedly, the Board also finds the Veteran did not submit new and material evidence concerning carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity, within one year of it. Accordingly, the February 2014 rating decision became final.

Pursuant to Rudd, the Board finds that the Veteran's attempt to use the January 2020 rating decision to seek an earlier effective date for the grants of service connection for carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity, to be improper. That is, the Veteran has improperly raised a freestanding claim to overcome the finality of the February 2014 rating decision. Pursuant to Rudd, the Board must dismiss these appeals.

As a final note, the Board highlights that the effective date the AOJ assigned for the disabilities, April 19, 2012, predates the effective date the Veteran contends should apply, May 11, 2012. 

Issue 3: Entitlement to an effective date earlier than March 6, 2014 for the grant of service connection for GERD

Earlier Effective Date – Background Law

The provisions for the determination of an effective date of an award of compensation are set forth in 38 U.S.C. § 5110. Except as otherwise provided, the effective date of the award of an evaluation based on an original claim, a claim reopened after a final disallowance, or a claim for an increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. Under VA laws and regulations, a specific claim in the form prescribed by the VA must be filed for benefits to be paid or furnished to any individual under laws administered by the VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). 

Also, in Rudd v. Nicholson, 20 Vet. App. 296 (2006), the U.S Court of Appeals for Veterans Claims (CAVC) held that, VA claimants may not properly file, and VA has no authority to adjudicate, a “freestanding” claim for an earlier effective date in an attempt to overcome the finality of an unappealed AOJ decision. Instead, the CAVC found that that claimants in such cases may file a motion to revise based upon clear and unmistakable error (CUE) with respect to the assignment of an effective date. 

Analysis

The AOJ service connected the Veteran's GERD in a July 2015 rating decision. It rated the GERD as 0 percent disabling, effective March 6, 2014. The AOJ selected March 6, 2014 as the effective date because it found this was "the date we received your claim."

On September 18, 2015, the Veteran filed a VA Form 21-0958, Notice of Disagreement in relation to the July 2015 rating decision. The Veteran disagreed with the denial of service connection for "bilateral genu valgus," "bilateral residual tibial stress fractures with chronic pain," and "bilateral tibial tenosynovitis." As such, the Board construes nothing in the VA Form 21-0958, Notice of Disagreement, to appeal the effective date the AOJ assigned for the grant of service connection for GERD. 

Based on the foregoing, the Board finds the Veteran did not appeal the July 2015 rating decision. Relatedly, the Board also finds the Veteran did not submit new and material evidence concerning GERD within one year of it. Accordingly, the July 2015 rating decision became final.

Pursuant to Rudd, the Board finds that the Veteran’s attempt to use the January 2020 rating decision to seek an earlier effective date for the grant of service connection for GERD to be improper. That is, the Veteran has improperly raised a freestanding claim to overcome the finality of the July 2015 rating decision. Pursuant to Rudd, the Board must dismiss this appeal.

Issue 4: Entitlement to an effective date earlier than August 28, 2017 for the grant of service connection for fibromyalgia

The AOJ service connected the Veteran’s fibromyalgia in the January 2020 rating decision on appeal. The AOJ explained:

You filed a notice of disagreement, received on August 23, 2018, for the denial of service connection in Rating Decision, dated July 18, 2018. A VA examination was conducted at the VA Medical Center, Washington, that noted irritable bowel syndrome and the examiner opined based on the history, physical exam, and review of medical records, veteran meets diagnostic criteria for: fibromyalgia. Fibromyalgia is a diagnosable but medically unexplained chronic multisymptom illness of unknown etiology. This veteran was deployed to Southwest Asia in 2005 and was diagnosed with Fibromyalgia in 2017 which is 12 years after Southwest Asia exposure. Fibromyalgia meets the criteria for presumptive service connection in veterans with Southwest Asia exposure. Based on the fact that veteran was exposed to Southwest Asia in 2005, and was diagnosed with fibromyalgia in 2017, and based on the fact that fibromyalgia meets the criteria for presumptive service connection in veterans with Southwest Asia exposure, it is at least as likely as not (greater than 50% probability) that diagnosed disease is related to a specific exposure event experienced by the Veteran during service in Southwest Asia.

An evaluation of 40 percent is assigned from August 28, 2017, the date your intent to file a claim was received, as you filed your finalized claim within one year, received on June 21, 2018, and a timely notice of disagreement, received on August 23, 2018, which was within one year from the Rating Notification letter, dated August 2, 2018.

As explained above, the Veteran contends that she filed a claim for fibromyalgia on May 11, 2012, and as such, this should be the proper effective date. 

On May 11, 2012, the Veteran submitted a VA Form 21-4138, Statement in Support of Claim. In it, the Veteran requested "the following disabilities be added to her current claim," i.e., a claim she filed in April 2012. In the VA Form 21-4138, she listed two pages of disabilities including "Residual OEF Environmental Exposures w/ Manifested Chronic Headaches, Post-Nasal Drip, Myalgias, Vertigo, and Dyspnea." Given the AOJ's finding that a medical professional did not diagnose the Veteran with fibromyalgia until 2017, the nature of fibromyalgia, and the claimed condition above, the Board finds that the May 11, 2012 claim cited encompassed the condition diagnosed as fibromyalgia five years later.

In a February 2014 rating decision, the AOJ decided 25 issues. Of these 25, it denied multiple claims, including service connection for a "disability related to Gulf War environmental exposures, with manifestations including post-nasal drip, myalgias, vertigo, and dyspnea."

The Veteran, after this decision, filed a VA Form 21-526b, Veteran Supplemental Claim, on March 6, 2014, and filed a VA Form 21-0958, Notice of Disagreement on March 8, 2014.

As it relates to the VA Form 21-526b, Veteran Supplemental Claim, the Veteran, in the May 2020 statement accompanying the VA Form 10182, cites a statement dated August 31, 2019. This statement says, "with respect to claims denied in the February 2014 rating decision, but then addressed in the March 2014 SUPPLEMENTAL CLAIM, the SUPPLEMENTAL CLAIM must be considered as a timely NOD." The Board disagrees. Specifically, the VA Form 21-526b cites "new disabilities" for which the Veteran sought service connection. These were:

• Bilateral Pes Planus

• GERD

• Bilateral Residual Metatarsal Stress Fractures

• Bilateral Abnormal Antalgic Gait-Stance

• Bilateral Genu Valgum with Recurrent Bunions

• Chronic Bilateral Foot Edema

• Bilateral Chronic Hypesthesia & Paresthesias

• Bilateral Tibial Tenosynovitis 

• Bilateral Metatarsalgia with Radiculopathy

• Bilateral Residual Tibial Stress Fractures w/Chronic Pain 

• Bilateral-Knee Arthralgias 

• Bilateral Knee DJD.

• Bilateral Knee Crepitus 

• Fibrosis

• Irregular Periods (Gulf War Illness)

Given this exhaustive, detailed list of claimed "new disabilities," the Board construes nothing in the VA Form 21-526b to appeal the denial of service connection for a "disability related to Gulf War environmental exposures, with manifestations including post-nasal drip, myalgias, vertigo, and dyspnea." 

As it relates to the VA Form 21-0958, Notice of Disagreement, the Veteran disagreed with the denial of service connection for "any left foot condition" and "any right foot condition" cited in the February 2014 rating decision. As such, the Board construes nothing in the VA Form 21-0958, Notice of Disagreement, to appeal the denial service connection for a "disability related to Gulf War environmental exposures, with manifestations including post-nasal drip, myalgias, vertigo, and dyspnea."

Based on the foregoing, the Board finds the Veteran did not appeal the February 2014 rating decision. Relatedly, the Board also finds the Veteran did not submit new and material evidence related to the "disability related to Gulf War environmental exposures, with manifestations including post-nasal drip, myalgias, vertigo, and dyspnea" within one year of the February 2014 rating decision. Accordingly, the February 2014 rating decision became final.

The Board must now turn its attention to the multiple VA Forms 21-0966, Intent to File (ITF), and their interplay with the Veteran's legacy appeal, Docket # 17-13 530. To start, 38 C.F.R. § 3.155(b)(6) states:

VA will not recognize more than one intent to file concurrently for the same benefit (e.g., compensation, pension). If an intent to file has not been followed by a complete claim, a subsequent intent to file regarding the same benefit received within 1 year of the prior intent to file will have no effect. If, however, VA receives an intent to file followed by a complete claim and later another intent to file for the same benefit is submitted within 1 year of the previous intent to file, VA will recognize the subsequent intent to file to establish an effective date for any award granted for the next complete claim, provided it is received within 1 year of the subsequent intent to file.

On February 8, 2017, the AOJ, responding to the Notice of Disagreement the Veteran filed on March 8, 2014, issued a Statement of the Case (SOC) for service connection for “any left foot condition” and service connection for “any right foot condition.”

On March 2, 2017, the Veteran filed a VA Form 9 perfecting her appeal of the issues in the February 8, 2017 SOC. She requested a hearing for this appeal, and the Board docketed this appeal as Docket # 17-13 530. This appeal is pending as the Veteran awaits the scheduling of the requested hearing. 

On March 2, 2017, the Veteran also filed an ITF.

On March 2, 2017, the Veteran also attempted to file a claim for service connection for “bilateral pes planus, bilateral posterior tibialis-tenosynovitis, bilateral tarsal-tunnel syndrome, and metatarsal stress fractures.”

On March 20, 2017, the AOJ rejected the March 2, 2017 claim, finding the issues were encompassed within the appeal of Docket # 17-13 530. 

On August 28, 2017, the Veteran also filed an ITF.

On October 6, 2017, the Veteran attempted to file the same claim as she filed on March 2, 2017.

On October 17, 2017, the AOJ rejected the October 6, 2017 claim, finding the issues were encompassed within the appeal of Docket # 17-13 530. 

Pursuant to 38 C.F.R. § 3.155(b)(6), ITFs expire one year after VA receives them unless a Veteran files a valid claim upon which the claim can relate back. Because the AOJ rejected the March 2, 2017 and October 6, 2017 claims, the March 2, 2017 ITF remained open for one year. It expired on March 1, 2018, as the Veteran did not file a valid claim from March 2, 2017 to March 1, 2018. However, as noted above, the Veteran also filed an ITF on August 28, 2017. Because the Veteran filed her fibromyalgia claim on June 21, 2018, i.e., within one year of the August 28, 2017 ITF, the benefit granted – service connection for fibromyalgia – relates back to the August 28, 2017 ITF. The AOJ assigned the proper effective date; therefore, the Board must deny the appeal.

Issue 5: Entitlement to an effective date earlier than August 28, 2017 for the grant of a 20 percent rating for carpal tunnel syndrome, left upper extremity

Issue 6: Entitlement to an effective date earlier than August 28, 2017 for the grant of a 30 percent rating for carpal tunnel syndrome, right upper extremity

The analysis of Issues 5-6 dovetails with the analysis of Issues 1-2. That is, the Board found earlier in this decision that the February 2014 rating decision which awarded service connection for carpal tunnel syndrome, left upper extremity, and carpal tunnel syndrome, right upper extremity, became final. This finding thus frames the analysis for Issues 5-6. Specifically, the questions is whether the Veteran filed a claim earlier than the June 21, 2018 claim upon which the AOJ relied to award an increased rating of 20 percent rating for carpal tunnel syndrome, left upper extremity and an increased rating of 30 percent for carpal tunnel syndrome, right upper extremity.

Between the March 6, 2014 claim discussed above in the analysis of Issue 3 and the June 21, 2018 claim cited in the prior paragraph, the Veteran filed three claims – August 6, 2015, March 2, 2017, and October 6, 2017. The August 6, 2015 claim resulted in a March 2016 rating decision. The AOJ, in that decision, granted service connection for PTSD and denied service connection for an eye disorder and sinus condition. The AOJ also noted that it would not adjudicate claims for "bilateral ankles, feet, and knee conditions" because these issues were "under appeal." Thus, nothing in the August 6, 2015 claim pertained to carpal tunnel syndrome, left upper extremity, or carpal tunnel syndrome, right upper extremity, so it cannot serve as the means through which the Board could award an earlier effective date.

As for the March 2, 2017 and October 6, 2017 claims, the Board explained in the analysis for Issue 4 that the AOJ rejected these claims, finding the issues were encompassed within the appeal of Docket # 17-13 530. 

As there was no claim for an increased rating for carpal tunnel syndrome, left upper extremity, or carpal tunnel syndrome, right upper extremity, prior to the June 21, 2018 claim, the Board must deny the appeal.

Issue 7: Entitlement to an effective date earlier than August 28, 2017 for the grant of a 10 percent rating connection for GERD 

The analysis of Issue 7 dovetails with the analysis of Issue 3. That is, the Board found earlier in this decision that the July 2015 rating decision which awarded service connection for GERD became final. This finding thus frames the analysis for Issue 7. Specifically, whether the Veteran filed a claim earlier than the June 21, 2018 claim upon which the AOJ relied to award an increased rating of 10 percent for GERD.

Between the March 6, 2014 claim discussed above in the analysis of Issues 1-2 and the June 21, 2018 claim cited in the prior paragraph, the Veteran filed three claims – August 6, 2015, March 2, 2017, and October 6, 2017. The August 6, 2015 claim resulted in a March 2016 rating decision. The AOJ, in that decision, granted service connection for PTSD and denied service connection for an eye disorder and sinus condition. The AOJ also noted that it would not adjudicate claims for “bilateral ankles, feet, and knee conditions” because these issues were “under appeal.” Thus, nothing in the August 6, 2015 claim pertained to GERD, so it cannot serve as the means through which the Board could award an earlier effective date.

As for the March 2, 2017 and October 6, 2017 claims, the Board explained in Issue 4 that the AOJ rejected these claims, finding the issues were encompassed within the appeal of Docket # 17-13 530. 

As there was no claim for an increased rating for GERD prior to the June 21, 2018 claim, the Board must deny the appeal.

 

 

Tiffany Dawson

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Sopko, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.